**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

Devin T. Green, )
               Movant, ) Case No. 03-0181-CV-W-FJG
vs. ) Crim No. 99-0126-01-CR-W-FJG
United States of America, )
            Respondent. )

## ORDER

Movant was found guilty by jury on April 25, 2001. Sentencing hearing was held on August 24, 2001, and judgment entered on August 28, 2001. Movant's conviction was affirmed on appeal in an unpublished opinion, United States v. Green, 37 Fed. Appx. 835 (2002) on June 7, 2002. Thereafter, on February 28, 2003, movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. That motion was denied by order issued by this Court on March 4, 2004. Movant's application for a certificate of appealability was denied and dismissed by the United States Court of Appeals for the Eighth Circuit on September 7, 2004.

Now pending before the Court is movant's *pro se* application and motion for relief from judgement pursuant to Fed. R. Civ. P. 60(b)(4), (5) and (6)(Doc. #26 filed March 2, 2005). Movant argues that his sentence is void, and he must be resentenced based upon the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (U.S. 2005).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will also construe the pending motion as one for habeas relief under 28 U.S.C. § 2255. Movant filed his first § 2255 motion on

February 28, 2003, and the Court rejected his request for relief on March 4, 2004.  As a result, the pending motion must be reviewed as his second or successive § 2255 motion.

A prisoner cannot bring a second, or collateral, § 2255 motion unless it contains a claim involving

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  See 28 U.S.C. § 2255.

The pending motion is silent on newly discovered evidence.  Instead, movant argues that the recent Booker ruling should be retroactively applied to his sentence.

For a new rule to be retroactive to cases on collateral review for purposes of a § 2255 petition, the Supreme Court itself must make the rule retroactive.  Tyler v. Cain, 533 U.S. 656, 662-63 (2001).  "When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding."  In re Anderson, 396 F.3d 1336 (11th Cir. 2005).  In this regard, the Court agrees with the 11th Circuit that "[r]egardless of whether Booker established a 'new rule of constitutional law' . . . the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review."  Id.  "Put simply, Booker itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."  Id.  Accordingly, because movant fails to make a *prima facie* showing of either of the grounds for collateral review under § 2255, his petition for relief must be dismissed.

2

Case 4:03-cv-00181-FJG   Document 30   Filed 05/16/05   Page 2 of 3

For all the reasons stated above, it is hereby

ORDERED that movant's application for relief from judgement pursuant to Fed. R. Civ. P. 60(b)(4), (5) and (6). is denied.

/s/Fernando J. Gaitan, Jr.
United States District Judge

Dated: _May 16, 2005___
Kansas City, Missouri