# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DEVIN T. GREEN, | ) |
| Movant, | ) ) ) |
| vs. | ) Case No. 03-0181-CV-W-2-ECF ) Crim. No. 99-0126-01-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## **ORDER**

Currently pending before the Court is movant's Motion for a Certificate of Appealability (Doc. # 33) and movant's Motion for Leave to Appeal in forma pauperis (Doc. # 34). Movant seeks leave to appeal the Court's May 16, 2005 Order which denied his Motion for Relief from Judgement pursuant to Rule 60(b)(4), (5) and (6).

## I. BACKGROUND

On April 24, 2001, movant was found guilty by a jury. Movant was sentenced on August 24, 2001 and judgment was entered on August 28, 2001. Movant's conviction was affirmed on appeal in an unpublished opinion, United States v. Green, 37 Fed. Appx. 835 (2002) on June 7, 2002. On February 28, 2003, movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This motion was denied by this Court on March 4, 2004. Movant's application for a certificate of appealability was denied and dismissed by the Eighth Circuit on September 7, 2004. On March 2, 2005, movant filed a Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60(b)(4), (5) and (6) (Doc. # 26). The Court recharacterized movant's motion as one for habeas relief under 28 U.S.C. § 2255 and denied the motion on May

16, 2005 (Doc. # 30). Currently pending before the Court is movant's Motion for a Certificate of Appealability and Motion for Leave to Proceed In Forma Pauperis on Appeal. The issues which petitioner presents for review are as follows:

1. Whether the district court's ruling which recharacterized movant's 60(b) motion as a 28 U.S.C. § 2255 motion is debatable or clearly wrong in light of the Supreme Court's ruling in Castro v. United States, 540 U.S. 375 (2003); and

2. Whether movant needs a certificate of appealability to appeal the denial of his Rule 60(b) Motion that does not seek habeas corpus relief or the grant of a 2255 motion.

## II. DISCUSSION

**A. Standard**

28 U.S.C. § 2253(c)(2) states that a certificate of appealability ("COA") may issue under paragraph (1) only if "the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court stated:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

**B. First Issue - Whether the Action Taken By the District Court In Recharacterizing His Rule 60(b) Motion As a § 2255 Motion Was Debatable or Clearly Wrong In Light of <u>Castro</u>.**

In <u>Castro</u>, 540 U.S. 375 (2003), the Supreme Court stated, "[f]ederal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." <u>Id</u>. at 381. The Supreme Court stated that a lower court's recharacterization powers were limited however in the following manner:

> The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. §2255, ¶ 8.

<u>Id</u>. at 383. In the instant case, the Court in its Order of May 16, 2005, was not recharacterizing movant's motion as a first § 2255 motion, but instead as his *second* §2255 motion. Thus, the Court did not run afoul of the Supreme Court's directive. Thus, as the Court finds that the action taken in the May 16, 2005 Order recharacterizing movant's motion is not debatable and was not clearly wrong, the Court **DENIES** movant's Motion for a Certificate of Appealability on this issue.

**C. Second Issue: Whether Movant Needs a Certificate of Appealability To Appeal the Denial of his Rule 60(b) Motion That Does Not Seek Habeas Corpus Relief or the Grant of a § 2255 motion. In Other Words, Is It Debatable That the Instant 60(b) Motion Sought Ultimately To Resurrect the Denial of Movant's Earlier §2255 motion?**

In movant's Rule 60(b) motion, (Doc. # 26), filed on March 2, 2005, he states that he is seeking relief from judgment entered by this Court in regards to the sentence

3

imposed by this Court based upon the recent Supreme Court decisions United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and United States v. Fanfan, 125 S.Ct. 26, 159 L.Ed.2d 854 (2004).

28 U.S.C. § 2244 (b)(3)(A) states in part, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In United States v. Sweesy, No. CR-00-50004-KES, 2005 WL 1175946, (D.S.D. May 17, 2005), the Court stated:

> "[i]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005)(quoting United States v. Patton, 309 F.3d 1093 (8th Cir. 2002). Similarly, the certificate requirement of 28 U.S.C. § 2253 (c) "may not be circumvented through creative pleading. Id. A certificate of appealability is required to appeal the denial of any motion that "effectively or ultimately seeks habeas corpus or § 2255 relief." Id.

Sweesy, 2005 WL 1175946 at *2.

In Boyd v. United States, 304 F.3d 813 (8th Cir. 2002), cert. denied, 538 U.S. 953 (2003), the Court stated:

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines that the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported Rule 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

4

Id. at 814. Recently, in Abdur'Rahman v. Bell, 537 U.S. 88 (2002), the Supreme Court dismissed a writ of certiorari as improvidently granted. However, Justice Stevens in his dissent stated, "I believe we have an obligation to provide needed clarification concerning an important issue that has generated confusion among the federal courts, namely, the availability of Federal Rule of Civil Procedure 60(b) motions to challenge the integrity of final orders entered in habeas corpus proceedings." Id. at 89. Justice Stevens stated that "in order to resolve both the jurisdictional issues and the questions presented in the certiorari petition, it is necessary to identify the difference, if any, between a Rule 60(b) motion and a second or successive habeas corpus application." Id. at 93. Justice Stevens stated that "the difference is defined by the relief that the applicant seeks. Is he seeking relief from a federal court's final order entered in a habeas proceeding on one or more of the grounds set forth in Rule 60(b), or is he seeking relief from a state court's judgment of conviction on the basis of a new constitutional claim?" Id. at 94. Justice Stevens noted that the difference had recently been explained in a dissenting opinion filed by Judge Tjoflat in Mobley v. Head, 306 F.3d 1096 (11th Cir. 2002)(Tjoflat, J., dissenting):

> The distinction lies in the harm each is designed to cure. A "second or successive" habeas corpus petition, as discussed above, is meant to address two specific types of constitutional claims by prisoners: (1) claims that 'rel[y] on a new rule of constitutional law', and (2) claims that rely on a rule of constitutional law and are based on evidence that 'could not have been discovered previously through the exercise of due diligence' and would establish the petitioner's factual innocence. 28 U.S.C. § 2244(b)(3)(A). Neither of these types of claims challenges the district court's previous denial of relief under 28 U.S.C. § 2254. Instead, each alleges that the contextual circumstances of the proceeding have changed so much that the petitioner's conviction or sentence now runs afoul of the Constitution. In contrast, a motion for relief under Rule 60 of the Federal Rules of Civil Procedure contests the integrity of the proceeding that resulted in the district court's judgment.
> . . .

> In sum a "second or successive" habeas corpus petition, like all habeas corpus petitions, is meant to remedy constitutional violations (albeit ones which arise out of facts discovered or laws evolved after an initial habeas corpus proceeding), while a Rule 60(b) motion is designed to cure procedural violations in an earlier proceeding–here, a habeas corpus proceeding–that raise questions about that proceeding's integrity. This distinction identifies these two types of filings-no matter how either is styled. In other words, if a petitioner, who already has been denied federal habeas corpus relief files a motion that presents new constitutional claims to the district court, this motion should be considered a "second or successive" habeas corpus petition-even if the petitioner calls it a Rule 60(b) motion. Likewise, if the petitioner sought a "second or successive" habeas corpus petition to raise questions about the integrity of a prior habeas corpus proceeding-perhaps suggesting that the prior proceeding was rife with fraud-then the court should review the filing under the standards for Rule 60(b) motions and not under the strictures of 28 U.S.C. 2244(b)(2).

Id. at 1100 - 1102.

In the instant case, movant alleges that his sentence is void because the Supreme Court declared 18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e) unconstitutional. He thus argues that under Rule 60(b)(4), (5) or (6) he is entitled to be resentenced.

An analysis of petitioner's claims reveals that he is in effect seeking to raise claims which "rely on a rule of constitutional law," Mobley, 306 F.3d at 1100-1101. Petitioner is not challenging a "procedural violation in an earlier proceeding – here, a habeas corpus proceeding– that raise questions about that proceeding's integrity." Id. at 1101. Thus, even though petitioner has styled his motion as a Rule 60(b) motion, the Court finds that it is in essence a second or successive habeas corpus petition. Thus, in response to the second issue presented, the Court finds that because movant is attempting to file a second habeas corpus petition, he is required to obtain a certificate of appealability.

## III. CONCLUSION

Therefore, the Court finds that movant's Rule 60(b) motion is in effect a §2255 motion and because there is a procedural bar to the filing of such a motion, a reasonable jurist could not conclude that the district court erred in either dismissing the petition or in denying the petition for a certificate of appealability.  Accordingly, after careful review and consideration, it is hereby **ORDERED** that movant's motion for a certificate of appealability is hereby **DENIED** (Doc. # 33).  As the Court has denied movant's Motion for a Certificate of Appealability, the Court also **DENIES** movant's Motion for Leave to Appeal in Forma Pauperis (Doc. # 34).

Date:   September 13, 2005        **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri        Fernando J. Gaitan Jr.
        United States District Judge